JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Simon McIvor<br>4 Steeplechase Circle, Horsham, PA 19044 | Selective Insurance Company of the Southwest<br>40 Wantage Avenue, Branchville, NJ 07890 |
| (b) County of Residence of First Listed Plaintiff   Montgomery County, PA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Sussex County, NJ<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Robert S. Miller, Esquire, 215-569-0900<br>2000 Market Street, Suite 2750, Philadelphia, PA 19103 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE
10/30/2017

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Simon McIvor and Kathy McIvor, 4 Steeplechase Cirlce, Horsham, PA  19044

Address of Defendant: Selective Insurance Company, 40 Wantage Avenue, Branchville, NJ  07890

Place of Accident, Incident or Transaction: Lansdale, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:   N/A
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Robert S. Miller, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: October 30, 2017     Robert S. Miller     65854
                           Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 30, 2017     [signature]     65854
                           Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Simon McIvor and Kathy McIvor<br>4 Steeplechase Circle, Horsham, PA  19044<br>V.<br><br>Selective Insurance Company<br>40 Wantage Avenue, Branchville, NJ  07890 | : <br>: <br>: <br>: <br>: <br>: <br>: | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| _____ | _____ | _____ |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-569-0900 | 215-569-4621 | millerr@wnwlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SIMON MCIVOR and** <br> **KATHY MCIVOR, his wife** <br> 4 Steeplechase Circle <br> Horsham, PA 19044 <br><br> vs. <br><br> **SELECTIVE INSURANCE COMPANY** <br> **OF THE SOUTHEAST** <br> 40 Wantage Avenue <br> Branchville, NJ 07890 | CIVIL ACTION <br><br><br><br> NO. <br><br><br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

1. Plaintiffs, Simon McIvor and Kathy McIvor, his wife, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 4 Steeplechase Circle, Horsham, PA 19044.

2. Defendant, Selective Insurance Company of the Southeast (hereinafter "Selective"), is a corporation organized and existing under and by virtue of the laws of the State of New Jersey with a principle place of business therein at 40 Wantage Avenue, Branchville, New Jersey 07890.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendant.

4. Venue in this Court is proper under 28 U.S.C. §1391 because the subject insurance contract is written within this district.

5. On or about May 28, 2015, at or about 4:00 p.m., plaintiff, Simon McIvor, was the operator of a motor vehicle on or near South Valley Forge Road at or near Whites Road in Lansdale, Pennsylvania.

1

6. On or about May 28, 2015, at or about 4:00 p.m., an underinsured operator of an underinsured motor vehicle was travelling on or near South Valley Forge Road at or near Whites Road in Lansdale, Pennsylvania.

7. At the time and place aforesaid, the aforesaid underinsured operator and the aforesaid underinsured motor vehicle were underinsured.

8. At the time and place aforesaid, the motor vehicle in which plaintiff, Simon McIvor, was the operator was insured with defendant, Selective, under a policy for automobile insurance number S 2168602 (hereinafter "policy").

9. At the time and place aforesaid, said policy issued by defendant, Selective, was for no less than one (1) motor vehicle(s) then currently registered in Pennsylvania.

10. Within the above identified policy of automobile insurance, defendant, Selective, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiff for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or operator.

11. Defendant's, Selective, policy number S 2168602 provides UIM benefits under said policy of no less than One Million ($1,000,000.00) Dollars per person.

12. Defendant, Selective's, said policy for automobile insurance was in full force and effect on May 28, 2015.

13. Additional yet to be identified policies issued by defendant under which plaintiff may be an insured on the date of this accident may have also been in full force and effect on May 28, 2015.

14. At all times material hereto, defendant, Selective, was acting by and through its respective agents, servants and/or employees operating in the course and scope of their employment with defendant, Selective.

15. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle carelessly and negligently operated said motor vehicle so as to cause a crash with the motor vehicle operated by plaintiff, Simon McIvor, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

16. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle negligently, carelessly and recklessly cared for said vehicle and so negligently, recklessly and carelessly, operated said vehicle; failed to bring said vehicle to a stop; failed to make proper observations; failed to exercise that degree of caution and circumspection required by law under the circumstances; failed to properly guide, steer and control the vehicle and were otherwise careless and inattentive.

17. The wrongful and negligent conduct of underinsured operator of the underinsured motor vehicle consisted of, among other things, the following:

    (a)    failing to have said motor vehicle under adequate and proper control;

    (b)    operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    (c)    failing to use due caution in driving said motor vehicle upon the highway;

    (d)    failing to take due note of the point and position of other motor vehicles upon the roadway;

(e) failing to maintain an assured clear distance with other motor vehicle upon the roadway including the motor vehicle operated by plaintiff;

(f) failing to yield the right of way;

(g) failing to warn plaintiff;

(h) failing to stop said motor vehicle;

(i) failing to maintain a proper lookout;

(j) disregarding the designated lanes of travel on the roadway;

(k) disregarding applicable traffic controls and/or signals;

(l) striking the motor vehicle operated by plaintiff in the rear;

(m) failing to operate said motor vehicle reasonably under the circumstances;

(n) violating the statutes and ordinances of the Commonwealth of Pennsylvania, and the local municipality where the crash occurred pertaining to the operation of a motor vehicle under the circumstances;

(o) striking the motor vehicle operated by plaintiff;

(p) causing injuries to plaintiff;

(q) failing to prevent injuries to plaintiff.

## COUNT I
## HUSBAND-PLAINTIFF, SIMON MCIVOR V. DEFENDANT

18. Plaintiffs incorporate the preceding paragraphs as if same were set forth at length herein.

19. As a direct and proximate result of the negligence of underinsured operator of the underinsured motor vehicle, as aforesaid, plaintiff, Simon McIvor, was caused to sustain and did sustain

4

serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

21. As a result of the aforesaid collision, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

22. As a result of the collision, plaintiff, Simon McIvor, sustained serious and painful bodily injuries, necessitated medical treatment; caused plaintiff great pain and suffering and left the plaintiff with permanent disabilities which will in the future incapacitate, cause pain and suffering and require medical treatment.

23. Plaintiff's injuries include, but are not limited to right shoulder bicipital tenosynovitis requiring open subpectoral biceps tenodesis as well as other injuries to his head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

24. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in his usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures.

25. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

26. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered an injury which is permanent, irreparable and severe.

27. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

28. As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

29. As a result of the aforesaid negligence, plaintiffs have incurred associated incidental expenses for which the defendant, Selective, is liable.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT II
## WIFE-PLAINTIFF, KATHY MCIVOR V. DEFENDANT

30. Plaintiffs incorporate the preceding paragraphs as if same were set forth at length herein.

31. As a result of the injuries sustained by husband-plaintiff, Simon McIvor, as aforesaid, wife-plaintiff, Kathy McIvor, has been deprived of the society, companionship and consortium of her husband herein named, and she will be deprived of same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT III
## PLAINTIFFS V. DEFENDANT

32. Plaintiff incorporates the preceding paragraphs by reference as if set forth at length herein. At the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured."

33. At the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured".

34. Within the said policy of automobile insurance, by the terms of which defendant, Selective, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle.

35. Plaintiffs timely placed defendant, Selective, on notice for "UIM" benefits after the subject motor vehicle crash.

36. Plaintiffs properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy.

37. The defendant, Selective, policy of automobile insurance provided "UIM" benefits with a total limit of no less than $1,000,000.00 per person.

38. Plaintiffs are entitled to make a claim for Underinsured Motorist benefits with Defendant, Selective, pursuant to said policy.

39. Plaintiffs have demanded payment of Underinsured Motorist benefits from Defendant, Selective.

40. Defendant, Selective, is obligated to provide Underinsured Motorist benefits to Plaintiffs.

41. It is the duty and obligation of Defendant, Selective, to pay Underinsured Motorist benefits to Plaintiffs.

42. Defendant, Selective, is in breach of its contractual obligations to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____
ROBERT S. MILLER, ESQUIRE
WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215-569-0900 – telephone)
(215-569-4621 – facsimile)
millerr@wnwlaw.com